IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JERMAINE LAYTON CARTER, :
:
    Plaintiff, :
:
v. : Civ. No. 18-1033-CFC
:
CHRISTOPHER SENATO, et al., :
:
    Defendants. :
:

Jermaine Layton Carter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 14, 2018
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

**I.    INTRODUCTION**

Plaintiff Jermaine Layton Carter ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1) He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 7) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**II.    BACKGROUND**

Plaintiff receives a religious diet. He does not believe he receives the FDA recommended 2000 calories per day. He alleges that kitchen staff does not always send all the meals that are listed on the menu. For example, one day he was not fed anything for breakfast and lunch. Another day, he was not fed lunch. Plaintiff alleges inmates serve the meals to the inmates housed in the security housing unit, with correctional officers in sight. Plaintiff alleges that kitchen workers do not send everything that he is supposed to receive. Plaintiff alleges he is in danger of serious physical injury from food starvation.

Plaintiff has exhausted his administrative remedies. He has named Defendants food service director Christopher Senato ("Senato"), food service staff lieutenant Sheryl Morris ("Morris") and Bureau of Prison Bureau Chief Steven Wesley ("Weslely") as

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

1

defendants alleging they are responsible for the policy to make sure the kitchen staff serves calorie appropriate meals. The Defendants are sued in their official capacities.

Plaintiff seeks injunctive to make sure the kitchen staff serves the FDA recommended 2000 calories per day and an adequate surveillance video camera to ensure safety.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an

2

indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v.*

3

*Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Respondeat Superior

It is clear from Plaintiff's allegations that Defendants are named based upon their supervisory positions. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The Complaint does not allege any direct or personal involvement by any of the defendants other than in their capacities as supervisors/administrators at the VCC. Moreover, it is clear from the allegations that the withholding of any meals occurred through the acts of other inmates, not the named defendants. Plaintiff's claims rest impermissibly upon a theory of supervisory liability and, therefore, must be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. Eighth Amendment

In order to establish an Eighth Amendment violation, Plaintiff must show that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety. *Farmer v. Brennan*, 511

4

U.S. 825, 834 (1994) (citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' . . . 'only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'"). "[O]nly a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim." *Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009). In addition, a claim under the Eighth Amendment, Plaintiff must show that Defendants acted with a sufficiently culpable state of mind or deliberate indifference. *Farmer*, 511 U.S. at 834. A prison official acts with a sufficiently culpable state of mind when the official knew of but disregarded an "excessive risk to inmate's health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

The Complaint does not allege sufficient facts from which it could be inferred that Plaintiff has suffered a substantial deprivation of food or that any Defendant acted with the requisite culpable state of mind. Therefore, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Since it is plausible that Plaintiff may be able to state a claim against Defendants or name alternative defendants, he will be given leave to amend.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant 28 U.S.C. §§

5

1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.